**FILED**

2012 DEC -3  PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

*Fee Paid*

Larry Klayman
2020 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Telephone: (310) 595-0800
Email: leklayman@yahoo.com

Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARTIN KEMPE, an individual,

        Plaintiff,

    v.

LARRY KLAYMAN, an individual;
ALICE LEWITZKE, an individual; and
DOES 1 through 10, inclusive,

        Defendants.

**CV12-10307-JFW(VBKx)**

LA COUNTY SUPERIOR COURT
CASE NO. SC117923

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 14419(b) (DIVERSITY)

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Larry Klayman hereby removes to this Court the state court action described below.

1. On July 31, 2012 an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled Kempe v. Klayman, as Case No. SC117923. A copy of the complaint is attached hereto as Exhibit A.

2. The first date upon which Plaintiff can attempt to claim that Defendant Larry Klayman was served with a copy of the said complaint was November 14, 2012. A copy of the summons is attached hereto as Exhibit B.



3. This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Complete diversity of citizenship exists in that: Plaintiff Martin Kempe is a citizen of the state of California; Defendant Larry Klayman is a citizen of the state of Florida; and Defendant Alice Lewitzke is a citizen of Florida.

5. Defendant Alice Lewitzke consents to and joins in the removal of this action to federal court. A copy of the consent is attached hereto as Exhibit C.

Dated: December 3, 2012

Respectfully submitted,

Larry Klayman

Pro per

2

# Exhibit A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Lottie Cohen, Attorney at Law SBN 94674
Law Offices of Lottie Cohen
3637 Motor Avenue, Suite 360
Los Angeles, CA 90034

TELEPHONE NO.: (310) 204-0099    FAX NO.: (310) 204-0095
ATTORNEY FOR *(Name):* Martin Kempe

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 1725 Main Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Monica, CA 90401
  BRANCH NAME: West District

CASE NAME: KEMPE v. KLAYMAN, et al.

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 31 2012

John A. Clarke, Executive Officer/Clerk

By ___A. WILLIAMS___
                                    DEPUTY

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: SC117923 |
|---|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: LISA HART COLE |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [X] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 07/27/12

Lottie Cohen, Attorney at Law SBN 94674    ► _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

| SHORT TITLE: Kempe v. Klayman, et al. | CASE NUMBER | SC117923 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps — If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | A6070 Asbestos Property Damage | 2. |
| | | A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Kempe v. Klayman, et al. | CASE NUMBER |
| --- | --- |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Non-Personal Injury/Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☒ A6017 Legal Malpractice | ⟨1., 2., 3.⟩ |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Kempe v. Klayman, et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Kempe v. Klayman, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. <br><br> [X]1. [X]2. [X]3.□4.□5.□6.□7.□8.□9.□10. | ADDRESS: 1561 Oakhurst Drive |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90035 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Beverly Hills courthouse in the Western District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 07/27/12

(SIGNATURE OF ATTORNEY/FILING PARTY)

LOTTIE COHEN, Attorney at Law

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 3 1 2012

John A. Clarke, Executive Officer/Clerk

By __A. WILLIAMS__
DEPUTY

1  Lottie Cohen, Attorney at Law (SBN 094674)
2  Law Offices of Lottie Cohen
   3637 Motor Avenue, Suite 360
3  Los Angeles, California 90034
   Telephone: (310) 204-0099
4  Facsimile: (310) 204-0095
   Email: lottie.cohen@hotmail.com
5

CASE MANAGEMENT CONFERENCE

NOV 1 9 2012

6  Attorney for Plaintiff Martin Kempe

Date

7  LISA HART COLE  Dept-0  8:30am

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES**

10

11  MARTIN KEMPE, an individual,                   SC117023

12                         Plaintiff,             CASE NO.: _____

13  v.                                            Complaint for:

14  LARRY KLAYMAN, an individual; ALICE           1. Professional Negligence
    LEWITZKE, an individual; and DOES 1           2. Breach of Contract
15  through 10, inclusive,                        3. Fraud and Deceit
                                                  4. Equitable Indemnity
16
                                                  Amount demanded exceeds
17                         Defendants.            $10,000.00
18

19

20  Plaintiff Martin Kempe, alleges as follows:

21       I. __First Cause of Action - Professional Negligence__

22       **(As against Defendant Larry Klayman and DOES 1 through 5)**

23       1. Plaintiff Martin Kempe ("Plaintiff") is an individual disabled resident of Los

24  Angeles, California and owner of a Beverly Hills jewelry store.

25       2. Defendant Larry Klayman ("Defendant Klayman") is an individual attorney

26  residing in Beverly Hills, California. Defendant Klayman is licensed to practice law in

27  Florida. However, Defendant Klayman is not licensed to practice law in California.

28

1
**COMPLAINT FOR DAMAGES**
Z:\Kempe, Martin\KLAYMAN LAWSUIT\Pleadings\07.30.12 - Complaint - Kempe v. Klayman et al. [FINAL].wpd

1  Shortly after the events giving rise to the instant action, Defendant Klayman left

2  California.  Specifically, Defendant Klayman was absent from California from

3  approximately August 1, 2009 through November 18, 2011 and, approximately from

4
5  November 19, 2011 through the present.

6       3.  Defendant Alice Lewitzke ("Defendant Lewitzke")  is an individual residing in

7  Los Angeles.  At all relevant times herein, Defendant Lewitzke served as Defendant

8  Klayman's secretary.  Shortly after the events giving rise to the instant action,

9  Defendant Lewitzke also left California.  Specifically, Defendant Lewitzke was also

10
11 absent from California from approximately August 1, 2009 through November 18, 2011,

12 and approximately from November 19, 2011 through the present.

13      4.  On November 18, 2008, Plaintiff Kempe and Defendant Klayman entered into

14 a retainer agreement for legal services in Los Angeles County.  Pursuant to the retainer

15 agreement, Defendant Klayman was to represent Plaintiff Kempe is two legal matters:

16 1) a medical malpractice case against Dr. Mark Barak ("the Barak Case"); and 2) a legal

17
   malpractice case against Kempe's former attorney, Mr. James Wohl ("the Wohl Case").

18
19 A true and correct copy of the Kempe/Klayman retainer agreement is hereto attached

20 as **"Exhibit A."**

21      **A.    The Barak Case**

22      5.  In 1999, Plaintiff Kempe underwent a standard Lasik eye surgery to

23 permanently correct a nearsighted eye vision condition.  Mr. Kempe's Lasik doctor, Dr.

24
25 Mark Barak, failed to recognize that Mr. Kempe suffered from glaucoma.  As a result of

26 Dr. Barak's failure to diagnose Mr. Kempe's glaucoma, the Lasik procedure aggravated

27 the undiagnosed glaucoma causing Mr. Kempe's sight to deteriorate at an expedited

28 rate.  By 2004, Mr. Kempe was legally blind.

1    6. In 2005, Plaintiff Kempe retained California attorney Mr. James Wohl to

2   represent him in his medical malpractice action against Dr. Barak in Los Angeles

3   Superior Court Case Number BC329581.

4
     7. Mr. Wohl litigated the Kempe case all the way to trial.  Two weeks into trial,
5
6   however, Mr. Wohl suddenly and unexpectedly advised Mr. Kempe to voluntarily

7   dismiss his case with prejudice.  As a layman, Mr. Kempe trusted his attorney was

8   providing him sound legal advice and filed a request for dismissal with prejudice on

9   November 27, 2006.

10
         **B.**    **The Wohl Case**
11
         8. As a result of attorney Wohl's negligent legal advice in the Barak case,
12
13   Plaintiff Kempe, in pro per, filed a legal malpractice action against his former attorney

14   on November 27, 2007.

15
         9. In early November, 2008, while the Wohl case was pending, Mr. Kempe was
16
     working when he noticed a man and a woman peering through the window of his
17
18   jewelry store admiring two very fine and expensive Versace pieces on display.  The

19   man was Defendant Klayman and the woman was Defendant Lewitzke.  The pair very

20   excitedly entered Mr. Kempe's store, inquired about the pieces, and engaged Plaintiff

21   Kempe in other small talk.

22
         10. Defendant Lewitzke then informed Plaintiff Kempe that Defendant Klayman
23
     is a famous California attorney and founder of Judicial Watch, a well-known
24
25   organization intent on tackling fraud and corruption at all levels nationwide.  Defendant

26   Lewitzke further informed Plaintiff Kempe that Judicial Watch also dedicates itself to

27   vigorously fighting to secure disabled people's rights.

28
         11. After learning that the jewels in the window cost around $20,000.00,

**COMPLAINT FOR DAMAGES**
Z:\Kempe, Martin\KLAYMAN LAWSUIT\Pleadings\07.30.12 - Complaint - Kempe v. Klayman et al. [FINAL].wpd

1   Defendant Klayman indicated that he could not afford them.  Shortly thereafter both

2   Defendants exited Plaintiff's jewelry store.

3        12.  The next day, Defendant Klayman returned to Plaintiff's jewelry store alone.

4

5   Defendant Klayman informed Plaintiff that Defendant Lewitzke was his secretary, but

6   that he loved and admired her and wished to make her happy.  After hearing the story

7   behind Mr. Kempe's legally blind condition and Kempe's claims against Dr. Barak,

8   Defendant Klayman offered to resurrect Plaintiff's medical malpractice action against

9   Dr. Barak.  Specifically, Defendant Klayman informed Plaintiff Kempe he would

10  represent Kempe in a new lawsuit to pursue a claim for disabled person's civil rights.  In

11

12  addition, Defendant Klayman advised Plaintiff that he had a meritorious and colorable

13  claim against his former attorney.  Defendant Klayman insisted that he was willing and

14  able to represent Kempe in a legal malpractice claim against his former attorney, Mr.

15  James Wohl.

16       13.  On or about November 18, 2008, at 9608 Brighton Way, Beverly Hills,

17

18  California 90210, Plaintiff Kempe retained and employed Defendant Klayman to

19  represent Plaintiff as Plaintiff's attorney at law in litigation concerning one medical and

20  one legal malpractice action.  Defendant Klayman said he would move to set aside Dr.

21  Barak's judgment against Kempe in the medical malpractice case, Los Angeles

22  Superior Court Case Number BC329581.  *See* Exhibit A. At such time and place

23  Defendant Klayman accepted the employment and agreed to perform such services for

24

25  Plaintiff.  The express retainer agreement gave rise to the attorney-client relationship

26  and was thus sufficient to create a duty of care owed by Defendant Klayman to Plaintiff

27  Kempe.

28       14.  Pursuant to the parties' retainer agreement, Plaintiff was to immediately,

1   "provide a retainer in the amount of $20,000.00 by providing title to two pieces of

2   jewelry to my (Defendant's) firm, the Versace white gold ring which your (Plaintiff's)

3   jewelry store values at $12,500.00 and matching white gold earings (sic) which your

4
5   (Plaintiff's) jewelry store values at $7,500.00.  See Exhibit A.  Moreover, the retainer

6   agreement required that the jewelry, "be fitted to the person who will wear the jewelry."

7   Id.  Excited to begin pursuing his cases represented by the famous Defendant

8   Klayman, Plaintiff performed his obligations under the retainer agreement, and

9   tendered the $20,000.00 worth of custom-fit Versace jewelry to Defendant Klayman on

10  November 18, 2008.

11

12      15.  On or around November 28, 2008, Defendant Klayman, on Plaintiff Kempe's

13  behalf, filed an amended legal malpractice complaint against Kempe's former attorney,

14  Mr. James Wohl for professional negligence.

15      16.  In early January, 2009, the parties were ordered to mandatory binding

16  arbitration as the result of an arbitration clause contained in the Kempe/Wohl retainer

17
18  agreement.  At the mid-January 2009 arbitration presiding Judge Curry informed Mr.

19  Kempe that his attorney, Defendant Klayman, could not represent Mr. Kempe because

20  Defendant Klayman was not admitted to the State Bar of California and therefore could

21  not practice law in California.

22      17.  In response, Defendant Klayman produced a pro hac vice application signed

23  by a California attorney named "Stipkovich."  Judge Curry halted the arbitration and

24
25  immediately contacted attorney Stipkovich regarding the pro hac vice application.

26  Stipkovich informed Judge Curry that she never signed a pro hac vice application for

27  Defendant Klayman.  Stipkovich further informed Judge Curry that if Defendant

28  Klayman had a document to the contrary, that it was a fraud.

18. Judge Curry declined to hear arguments from a non-California attorney and Plaintiff Kempe therefore was unsuccessful at the arbitration, Case SC096163 was sent back to the Los Angeles Superior Court - Santa Monica and then dismissed.

19. Despite the foregoing, Defendant Klayman convinced Plaintiff Kempe that attorney Stipkovich was lying because she had a personal vendetta against Klayman; and that he was allowed to practice in California pursuant to the pro hac vice. Defendant Klayman pressured Plaintiff Kempe to pursue his previous medical malpractice action against Dr. Barak. Plaintiff Kempe trusted Defendant Klayman and agreed.

20. On May 15, 2009, Defendant Klayman, again acting as Plaintiff Kempe's attorney, made a motion to vacate the voluntary dismissal in Kempe's medical malpractice case against Dr. Barak. Again, Defendant Klayman presented the pro hac vice application bearing attorney Stipkovich's signature. Stipkovich then submitted a declaration in support of her previous assertion. A true and correct copy of Stipkovich's declaration is hereto attached as **Exhibit "B."** When the Court determined Defendant Klayman was not an attorney licensed to practice law in California the motion to vacate the dismissal was denied.

21. In mid-June, 2009, Defendant Klayman persuaded Plaintiff Kempe that it was not he, but attorney Stipkovich, that was lying about the pro hac vice. Defendant Klayman convinced Plaintiff Kempe that they should jointly sue attorney Stipkovich seeking $15,000,000.00 based on her misrepresentations amongst a litany of other reasons. Again, putting full faith in Defendant Klayman, Plaintiff Kempe agreed to be co-Plaintiff with Klayman in an action against attorney Stipkovich in Los Angeles Superior Court Case Number SC103561. Plaintiff Kempe and Defendant Klayman's

1   complaint against attorney Stipkovich was met with a successful Anti-Slapp Motion

2   awarding Defendant Stipkovich a $36,102.00 judgment.

3        22.  On March 30, 2011 an involuntarily lien was placed against Plaintiff Kempe's

4
5   home located at 1561 South Oakhurst Drive Los Angeles, CA 90035.  A true and

6   correct copy of the abstract of judgment is hereto attached as **Exhibit "C."**

7        23.  As of June 9, 2012, the total judgment amount due with interest increased to

8   $44,212.59.  A true and correct copy of the June 9, 2012 Judgment Statement is hereto

9   attached as **Exhibit "D."**

10
11        24.  At all times after Plaintiff tendered the jewelry Defendant failed to exercise

12   reasonable care and skill in representing Plaintiff Kempe in the legal malpractice action

13   and the medical malpractice action.  In his greed for the $20,000.00 worth of custom

14   Versace jewelry to provide to Defendant Lewitzke, Defendant Klayman misled Plaintiff

15   to believe he could adequately represent Plaintiff's interests in the aforementioned

16
17   matters despite the fact that Defendant knew he was not a California-licensed attorney

18   and that he was attempting to practice pursuant to a forged pro hac vice application.

19        25.  The California Business and Professions Code (Cal. Bus. & Prof. Code)

20   § 6125 expressly prohibits any non-member of the State Bar of California from

21   practicing law.  Cal. Bus. & Prof. Code § 6125 emphatically provides, "No person shall

22   practice law in California unless the person is an active member of the State Bar."

23
24        26.  As described more fully above and in breach of his duty owed to Plaintiff,

25   Defendant Klayman actively engaged in litigation as Plaintiff's counsel and on Plaintiff's

26   behalf without the ability or authority to do so.  Specifically, Defendant Klayman

27   appeared as Plaintiff Kempe's attorney of record in numerous cases and pressured

28   Plaintiff to file additional cases without the legal authority to do so.  The fact that

Defendant Klayman engaged in the practice of law without being an attorney admitted to the State Bar of California in violation of Cal. Bus. & Prof. Code § 6125 is alone sufficient to establish a breach of a duty owed to Plaintiff Kempe.

27.  Had Defendant been truthful about his lack of ability to engage in the practice of law in California, Plaintiff would not have tendered $20,000.00 worth of Versace jewelry.  Also, Plaintiff would not have been deprived of  the opportunity to properly litigate his cases including his claims for medical malpractice against Dr. Barak and legal malpractice against his former attorney Wohl.  Finally, Plaintiff would never has sought to sue attorney Stipkovich resulting in a $44,212.59 lien recorded against his home pushing Kempe to the brink of foreclosure

28.  As a proximate result of the negligence of Defendant Klayman, Plaintiff Kempe has been deprived the opportunity to pursue meritorious and colorable legal claims, endures ever intensifying stress and emotional distress as his home faces immediate foreclosure because the lien makes refinance or loan modification impossible.

29.  Therefore, Plaintiff seeks the following damages against Defendant Klayman and DOES 1 - 5 for professional negligence:

    a.     $500,000.00 in compensatory damages for Defendant Klayman's negligent failure to pursue the medical malpractice claim against Dr. Barak;

    b.     $500,000.00 in compensatory damages for Defendant Klayman's negligent failure to pursue the legal malpractice claim against attorney James Wohl;

    c.     $20,000.00 in compensatory damages for the value of the Versace jewels

tendered to Defendant Klayman as an initial retainer payment, plus interest;

d.   $44,212.59 plus interest since March, 2010 in compensatory damages for the lien recorded against Plaintiff's home;

e.   Emotional distress damages in an amount to be proven at trial;

f.   Punitive damages based Defendant Klayman's fraudulent representations in an amount to be proven at trial;

g.   Treble Damages to be determined by the trier of fact, pursuant to Civil Code Section 3345, for acts against disabled persons; and

h.   Costs of suit incurred herein.

## II. Second Cause of Action - Breach of Contract

### (As against Defendant Larry Klayman and DOES 1 - 5)

30.  Plaintiff realleges paragraphs 1 to 29 of his First Cause of Action and incorporates those facts into his Second Cause of Action for Breach of Contract.

31.  On or about November 18, 2008 Plaintiff Kempe and Defendant Klayman entered into a valid and enforceable contract - the retainer agreement. *See* Exhibit "A."

32.  The parties' respective obligations under the retainer agreement were simple: Plaintiff Kempe was to deliver an initial retainer payment in the amount of $20,000.00 in the form of a Versace white gold ring valued at $12,500.00 and matching Versace white gold earnings valued at $7,500.00; Defendant Klayman was to diligently and in accordance with the standard of care represent Plaintiff as Plaintiff's attorney at law in litigation surrounding one medical and one legal malpractice action. Also, Defendant Klayman was to move to set aside Dr. Barak's judgment in the medical malpractice case, and initiate a legal malpractice case against Attorney Wohl.

33. Plaintiff Kempe fully performed all conditions, covenants, and promises under the retainer agreement by providing Defendant Klayman the aforementioned jewelry on November 18, 2008.

34. Defendant Klayman breached his attorney-client contract because Klayman was utterly incapable of performing litigation services as Kempe's attorney. Because Defendant Klayman was not a California-licensed attorney he breached his duties to Plaintiff Kempe under the retainer agreement by failing to provide the agreed-upon representation. As more fully described above, Defendant Klayman could not represent Plaintiff in his legal malpractice action against attorney Wohl, and also could not move the Court to vacate the dismissal in his action against Dr. Barak.

35. As a result of Defendant Klayman's breach, Plaintiff Kempe was deprived of the opportunity to pursue the aforementioned cases, each worth $500,000.00. Plaintiff also lost $20,000.00 worth of Versace jewelry. Also, Defendant Klayman's breach ultimately caused a $44,212.59 lien to be recorded against Plaintiff's home. The lien makes it impossible for Plaintiff to refinance or modify his loan. Now, Plaintiff lives in a constant state of anxiety, fear, and emotional distress as his home faces imminent foreclosure.

36. Therefore, Plaintiff seeks the following damages against Defendant Klayman and DOES 1 - 5 for breach of contract:

    a.    $500,000.00 in compensatory damages for Defendant Klayman's breach of his contractual obligation to pursue Plaintiff Kempe's medical malpractice claim against Dr. Barak;

    b.    $500,000.00 in compensatory damages for Defendant Klayman's breach of his contractual obligation to pursue Plaintiff Kempe's legal malpractice

**COMPLAINT FOR DAMAGES**
Z:\Kempe, Martin\KLAYMAN LAWSUIT\Pleadings\07.30.12 - Complaint - Kempe v. Klayman et al. [FINAL].wpd

claim against attorney James Wohl;

c.  $20,000.00 in compensatory damages for the value of the Versace jewels tendered to Defendant Klayman as an initial retainer payment;

d.  $44,212.59 plus interest since March, 2010 in compensatory damages for the lien recorded against Plaintiff's home;

e.  Treble Damages to be determined by the trier of fact, pursuant to Civil Code Section 3345, for acts against disabled persons; and

f.  Costs of suit incurred herein.

### III. Third Cause of Action - Fraud and Deceit

**(As against Defendant Larry Klayman, Defendant Alice Lewitzke, and DOES 5-10)**

37.  Plaintiff realleges paragraphs 1 through 38 of his First through Second Causes of Action and incorporates those facts into this Third Cause of Action for Fraud.

38.  The two individual Defendants colluded together to commit actual fraud upon Plaintiff Kempe, as defined in Civil Code Section 1572.

39.  In their first meeting with Plaintiff Kempe, Defendants Klayman and Lewitzke conspired to characterize Mr. Klayman as a famous California attorney and relentless advocate of the disabled in order to induce Plaintiff to retain Defendant Klayman him as an attorney.

40.  Defendant Klayman, knowing he was not admitted to practice law in California, then made material misrepresentations that he could adequately represent Plaintiff's interests in multiple legal matters in the State of California in exchange for $20,000.00 retainer payable in precious Versace jewels, plus the contingent fee agreement.

41.  Defendant Klayman also knew that the pro hac vice application which he

1   relied upon was a forgery and therefore of no force or effect.  Yet, despite the

2   foregoing, out of greed and a desire to shower Defendant Lewitzke with precious

3   Versace jewels, Defendant Klayman undertook to represent Plaintiff Kempe in

4   California courts in two different lawsuits.  Ultimately both suits were unsuccessful

5   because Defendant Klayman was not authorized to practice law in California.

6

7       42.  The individual Defendants intended to and did defraud Plaintiff Kempe.

8   Defendant Lewitzke wanted the expensive Versace diamonds in Plaintiff Kempe's

9   jewelry store and Defendant Klayman wanted to give them Alice Lewitzke.  Neither

10  Defendant Klayman nor Defendant Lewitzke could not afford to purchase the

11  diamonds.  So, Defendants Klayman and Lewitzke conspired to induce a legally blind

12

13  Plaintiff seeking redress to retain Defendant Klayman as his attorney by playing on

14  Kempe's hopes to be compensated for his disability.  All the while, the individual

15  Defendants knew Defendant Klayman could not practice law in California.  Defendants'

16  conduct was despicable and fraudulent.  As such, Defendants were jointly guilty of

17  oppression, fraud, or malice towards Kempe warranting the impositions of punitive

18

19  damages for sake of example and by way of punishing Defendants.

20      43.  Plaintiff Kempe's reliance on the Defendants' representations was justifiable.

21  Based on Defendants' representations, Plaintiff understood Defendant Klayman to be a

22  famous California attorney and advocate of the disabled.  When Plaintiff Kempe signed

23  the retainer agreement and tendered the Versace jewels, Plaintiff justifiably relied upon

24  the words, legal advice, and litigation strategies of a "famous" attorney with vast

25  experience representing disabled persons.  Also, Mr. Kempe sought to preserve and

26

27  assert his legal rights in two lawsuits by his attorney/client relationship with Defendant

28  Klayman.

44.  As a result of Plaintiff Kempe's justified reliance, he has been deprived of the opportunity to pursue the two aforementioned cases.  Also, Kempe has endured severe emotional distress at the hands of both Defendants.  Finally, Defendants' fraud and deceit ultimately caused a $44,212.59 lien to be recorded against Plaintiff's home.  The lien makes it impossible for Plaintiff to refinance or modify his loan.  Now, Plaintiff endures ever increase stress and emotional distress as his home is encumbered.

45.  Therefore, Plaintiff seeks the following damages against Defendant Klayman, Defendant Lewitzke, and DOES 5 - 10 for fraud and deceit:

a.      $500,000.00 in compensatory damages for Defendant Klayman's fraud related to pursuing Kempe's medical malpractice claim against Dr. Barak;

b.      $500,000.00 in compensatory damages for Defendant Klayman's fraud related to pursuing Kempe's legal malpractice claim against attorney James Wohl;

c.      $20,000.00 in compensatory damages for the value of the Versace jewels tendered to Defendant Klayman as an initial retainer payment;

d.      $44,212.59 plus interest since March, 2010 in compensatory damages for the fraud leading to the lien recorded against Plaintiff's home;

e.      Emotional distress damages in an amount to be proven at trial;

f.      Punitive damages against Defendant Klayman and Defendant Lewitzke's fraudulent representations in an amount to be proven at trial;

g.      Treble Damages to be determined by the trier of fact, pursuant to Civil Code Section 3345, for acts against disabled persons; and

h.      Costs of suit incurred herein.

## IV. Fourth Cause of Action - Equitable Indemnity

## (As against Defendant Larry Klayman and DOES 1 - 5)

46. Plaintiff realleges paragraphs 1 through 45 of his First through Third Causes of Action and incorporates those facts into this Fourth Cause of Action for Equitable Indemnity.

47. Plaintiff Kempe contends that he is in no way legally responsible for the events that gave rise to attorney Stipkovich's judgment. Defendant Klayman is the proximate cause of Stipkovich's judgment against Kempe and the corresponding encumbrance on Kempe's house. As more fully described above, by assuring Kempe that the pro hac vice application was legitimate and that attorney Stipkovich was lying to the courts based on a personal vendetta against Klayman, Defendant Klayman fraudulently induced Plaintiff Kempe to co-plaintiff a $15,000,000.00 (fifteen million dollar) lawsuit against attorney Stipkovich.

48. As a result of Stipkovich's success on an anti-Slapp motion, a $36,102.00 judgment was entered jointly and severally against Plaintiffs Kempe and Klayman on March 15, 2011.

49. On or around March 30, 2011, a $36,102.00 Abstract of Judgment lien was recorded against Plaintiff's home as a result of the judgment. See Exhibit C. As of June 9, 2012 the total amount due on the judgment, with interest, is $44,212.59. See Exhibit D.

50. While Stipkovich asserted that she thought Kempe was victimized by Defendant Klayman, she also thought Kempe should be liable because his name was on the lawsuit against her.

51. Plaintiff alleges that Defendant Klayman is the actual and proximate cause

**COMPLAINT FOR DAMAGES**

1   of the judgment rendered against Defendant Kempe.  Plaintiff Kempe would have never

2   filed suit against attorney Stipkovich but for the fraudulent representations of Defendant

3   Klayman.

4

5        52.  By reason of the foregoing, Plaintiff Kempe is entitled to indemnity from

6   Defendant Klayman for all costs, fees, expenses, and judgments incurred by Plaintiff

7   Kempe in connection with the lawsuit filed against Stipkovich.

8        53.  Therefore, Plaintiff seeks the following damages against Defendant Klayman

9   and DOES 1 - 5 for equitable indemnity as follows:

10        a.     $44,212.59 plus interest since March, 2011 in compensatory damages for

11

12               the fraud leading to the lien recorded against Plaintiff's home; and

13        b.     Costs of suit incurred herein.

14                          **PRAYER:**

15   ON HIS FIRST CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE

16   AGAINST DEFENDANT KLAYMAN AND DOES 1 - 5 PLAINTIFF SEEKS THE

17   FOLLOWING RELIEF:

18

19        1.  The amount required to compensate Plaintiff Kempe for the lost opportunity

20   to pursue his medical malpractice case against Dr. Barak is approximately $500,000.00.

21   Kempe is legally blind because of Dr. Barak's failure to recognize glaucoma before

22   performing Lasik eye surgery.  Now, because Defendant Klayman negligently failed to

23   pursue Kempe's claim against Dr. Barak, Kempe has been deprived of his opportunity

24   to be compensated for his legally blind condition.

25

26        2.  The amount required to compensate Plaintiff Kempe for the lost opportunity

27   to pursue a legal malpractice claim against Mr. James Wohl is equal to the value of the

28   underlying medical malpractice case giving rise to the legal malpractice case:

**COMPLAINT FOR DAMAGES**
Z:\Kempe, Martin\KLAYMAN LAWSUIT\Pleadings\07.30.12 - Complaint - Kempe v. Klayman et al. [FINAL].wpd

1   $500,000.00. Again, because Defendant Klayman negligently failed to pursue Kempe's

2   legal malpractice case against attorney Wohl, Kempe has been deprived of his

3   opportunity to be compensated for attorney Wohl's negligence in the medical

4   malpractice case.

5

6      3.  Plaintiff Kempe seeks $20,000.00 plus interest since November 18, 2008, in

7   compensatory damages for the value of the Versace jewelry tendered to Defendant

8   Klayman as an initial retainer;

9      4. The amount required to compensate Plaintiff Kempe for negligently luring him

10  into an unwarranted and meritless lawsuit against attorney Stipkovich is $44,212.59

11  plus interest accrued since March, 2011.  Specifically, Defendant Klayman tricked

12  Kempe into believing that attorney Stipkovich was lying to the judiciary with regard to

13

14  the pro hac vice application.  Klayman induced Kempe to co-plaintiff with him to sue

15  Stipkovich for $15,000,000.00 based her misrepresentations to the courts regarding the

16  pro hac vice application. As a result, Stipkovich was able to secure a  $36,102.00

17  judgment against Kempe on March 15, 2012.  The judgment was then recorded as lien

18

19  against Plaintiff's home.  Now, the amount of the judgment and corresponding lien

20  exceeds $44,212.59.

21     5. As a proximate result of Klayman's negligence, Plaintiff Kempe was injured in

22  his health, strength, and activity, and sustained shock and mental anguish, pain and

23  suffering, all to is general damage in an amount to be proven at trial.

24

25     6. Because Defendant Klayman is guilty of fraud, malice, and opression, Plaintiff

26  Kempe is entitled to punitive damages in an amount to be proven at trial.

27     7. Plaintiff Kempe seeks up to three times and amounts awarded in this cause of

28  action pursuant to Civil Code Section 3345.

**COMPLAINT FOR DAMAGES**

1    8. Plaintiff Kempe seeks costs of suit.

2    ON HIS SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

3  AGAINST DEFENDANT KLAYMAN AND DOES 1 - 5 PLAINTIFF SEEKS THE

4

5  FOLLOWING RELIEF:

6    9. The amount required to compensate Plaintiff Kempe for Defendant Klayman

7  breach of his contractual duty to pursue Kempe's medical malpractice case against Dr.

8  Barak is approximately $500,000.00. Kempe is legally blind because of Dr. Barak's

9  failure to recognize glaucoma before performing Lasik eye surgery. Now, because

10
   Defendant Klayman breached the retainer agreement with Kempe, Kempe has been
11
12  deprived of his opportunity to be compensated for his legally blind condition.

13    10. The amount required to compensate Plaintiff Kempe for Defendant

14  Klayman's breach of his contractual obligation to pursue Plaintiff Kempe's legal

15  malpractice claim against Mr. James Wohl is equal to the value of the underlying

16  medical malpractice case giving rise to the legal malpractice case: $500,000.00. Again,

17
   because Defendant Klayman breached the retainer agreement, Kempe has been
18
19  deprived of his opportunity to be compensated for attorney Wohl's negligence in the

20  medical malpractice case.

21    11. Plaintiff Kempe seeks $20,000.00 plus interest since November 18, 2008 in

22  compensatory damages for the value of the Versace jewelry tendered to Defendant

23  Klayman as an initial retainer

24

25    12. The amount required to compensate Plaintiff Kempe for Defendant

26  Klayman's breach of his contractual duty to adequately serve as Plaintiff Kempe's

27  counsel is $44,212.59 plus interest accrued since March, 2011. Specifically, in breach

28  of his contractual duty, Defendant Klayman tricked Kempe into believing that attorney

17

**COMPLAINT FOR DAMAGES**

1   Stipkovich was lying to the judiciary with regard to the pro hac vice application.  Also,

2   Klayman induced Kempe to co-plaintiff with him to sue Stipkovich for $15,000,000.00

3   based her misrepresentations to the courts regarding the pro hac vice application.  As a

4
5   result, Stipkovich was able to secure a  $36,102.00 judgment against Kempe on March

6   15, 2012.  The judgment was then recorded as lien against Plaintiff's home.  Now, the

7   amount of the judgment exceeds $44,212.59.

8       13.  Plaintiff Kempe seeks up to three times and amounts awarded in this cause

9   of action pursuant to Civil Code Section 3345.

10
        14.  Plaintiff Kempe seeks costs of suit.
11

12      ON HIS THIRD CAUSE OF ACTION FOR FRAUD AND DECEIT AGAINST

13   DEFENDANT KLAYMAN, DEFENDANT LEWITZKE, AND DOES 1 - 5 PLAINTIFF

14   SEEKS THE FOLLOWING RELIEF:

15      15.  Defendants' fraud cost Plaintiff Kempe for the opportunity to pursue his

16   $500,000.00 medical malpractice case against Dr. Barak.  Thus, the amount required to

17
     compensate Plaintiff fraud is $500,000.00.
18

19      16.  Defendants' fraud cost Plaintiff Kempe for the opportunity to pursue his

20   $500,000.00 legal malpractice claim against Mr. James Wohl.  Thus, the amount

21   required to compensate Plaintiff fraud is $500,000.00.

22      17.  Defendants' fraud cost Plaintiff Kempe $20,000.00 in Versace jewels.

23   Thus, Plaintiff Kempe seeks $20,000.00 plus interest since November 18, 2008 in

24
     compensatory damages for the value of the Versace jewelry tendered to Defendant
25

26   Klayman as an initial retainer;

27      18.  The amount required to compensate Plaintiff Kempe for Defendants

28   fraudulently luring him into an unwarranted and meritless lawsuit against attorney

1  Stipkovich is $44,212.59 plus interest accrued since March, 2011.  Specifically,

2  Defendant Klayman tricked Kempe into believing that attorney Stipkovich was lying to

3  the judiciary with regard to the pro hac vice application.  Klayman induced Kempe to co-

4
5  plaintiff with him to sue Stipkovich for $15,000,000.00 based her misrepresentations to

6  the courts regarding the pro hac vice application.  As a result, Stipkovich was able to

7  secure a  $36,102.00 judgment against Kempe on March 15, 2012.  The abstract of

8  judgment was then recorded as lien against Plaintiff's home.  Now, the amount of the

9  judgment and corresponding lien exceeds $44,212.59.

10      19.  As a proximate result of Defendants' fraud Plaintiff Kempe was injured in his
11
12  health, strength, and activity, and sustained shock and mental anguish, pain and

13  suffering, all to is general damage in an amount to be proven at trial.

14      20.  Because Defendants are guilty of fraud, malice, and oppression, Plaintiff

15  Kempe is entitled to punitive damages in an amount to be proven at trial.

16      21. Plaintiff Kempe seeks up to three times and amounts awarded in this cause
17
18  of action pursuant to Civil Code Section 3345.

19      22.  Plaintiff Kempe seeks costs of suit.

20      23.  Plaintiff seeks such other and further relief as the court deems just and

21  proper.

22  Dated: July 30, 2012                          LAW OFFICES OF LOTTIE COHEN

23                                                A Professional Law Corporation
24
25
26  By: _____
27
28  Lottie Cohen, Attorney for Plaintiff

    Martin Kempe

19
**COMPLAINT FOR DAMAGES**

Larry Klayman, Attorney at Law
**THE KLAYMAN LAW FIRM, P.A**
601 Brickell Key Drive, Suite 404, Miami, FL 33131
Telephone: (305) 579-3455 - Facsimile: (305) 579-3454
lcklayman@bellsouth.net

November 18, 2008

To: Mr. Martin Kempe
c/o Rodeo Fine Jewelry
9608 Brighton Way
Beverly Hills, California 90210

From: Larry Klayman, Esq

Re: <u>Litigation Concerning Medical and Legal Malpractice and Setting Aside Judgment in Medical Malpractice Case and Litigation Concerning Legal Malpractice in Los Angeles Superior Court Cases Nos. BC329581 and SC096163.</u>

Dear Martin:

It would be our pleasure to represent you in the above-referenced matter. To ensure your complete understanding and approval, this letter will serve to memorialize the agreement by which you will pay the legal fees to me to undertake this matter on your behalf.

We will represent you on a contingency basis on any recovery whether by way of settlement or litigated decision, based upon the following schedule:

a. Forty Percent (40%) of any and all amounts recovered up to Fifty Thousand Dollars ($50,000.00);
b. Thirty-three and one-third percent (33 1/3) of the next Fifty Thousand Dollars ($50,000.00) recovered;
c. Twenty-Five percent (25%) of the next Five Hundred Thousand Dollars ($500,000.00);
d. Twenty percent of any amount by which recovery exceeds Six Hundred Thousand Dollars ($600,000.00).

In addition, you will provide a retainer payment in the amount of $20,000.00 by providing title to two pieces of jewelry to my firm, the Versace white gold ring which your jewelry store values at $12, 500.00 and matching white gold earings which your jewelry store values at $7,500.00. This jewelry shall be fitted to the person who will wear the jewelry. This is a non-refundable retainer but $20,000.00 will be



**EXHIBIT A**

repayable to you should we obtain a recovery of $50,000.00 or more by way of settlement or litigated decision.

This retainer is payable to the law firm today, so that we can begin work immediately, as there are pleading which must be prepared and filed in the next week.

In addition any expenses, which we incur on your behalf, will be itemized in our invoices. If appropriate, these expenses may include such items as copy and facsimile charges, extraordinary document production (i.e. printing and related costs and machine time and producing extremely voluminous or formal documents) travel expenses, expert witness and related fees and expenses, extraordinary long-distance telephone or mailing, deposition fees, transcription charges and courier charges. These expenses will be payable in addition to the contingency fees and retainer must be paid timely so the suppliers can be paid timely. Otherwise, your cases will be compromised as we need these suppliers to maximize our chances of success.

If the foregoing terms of our engagement are satisfactory, please indicate your consent by signing in the space provided for your signature below. Kindly, return the original with your signature to us at your earliest convenience. The copy may be keep for your records. If you should have any questions or comments concerning this representation agreement, please do not hesitate to contact us.

Very truly yours,

Larry Klayman

Agreed to:

By: Martin Kempe     Date: 11/18/08

EXHIBIT

1   JO ANN D. STIPKOVICH
    LYNCH & STIPKOVICH, ATTORNEYS AT LAW
2   20826 TRIBUNE STREET, SUITE 212

3   CHATSWORTH, CALIFORNIA 91311
    072827

4   (818) 718-8440

5   Attorney(s) for MARTIN KEMPE (NOT THE ATTORNEY

6

7

8           LOS ANGELES SUPERIOR   COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9

10  MARTIN KEMPE
                                        )   No. BC 329581
11                                      )   NOTICE OF WITHDRAWAL OF
                 Plaintiff(s)           )   ATTORNEY OF RECORD
12      VS.                             )
                                        )
13  MARK BARAK, M.D. AN INDIVIDUAL;     )
    EMPIRE LASER EYE CENTER, ET AL      )
14              Defendant(s)            )
    _____)

15  TO ALL PARTIES OF RECORD:

16      I, JO ANN D. STIPKOVICH, am an attorney at law, duly licensed to

17  practice in and for the State of California and the County of Los

18  Angeles, and do hereby state, under penalty of perjury, that I am not

19  the attorney of record in this matter.  This is not my signature. I am

20  not the attorney in this matter, nor do I accept any liability in this

21  matter.  I believe that LARRY KLAYMAN's office signed my name without

22  my knowlege or approval.  In withdrawing from this matter, LARRY

23  KLAYMAN may complete the application for Pro Hac Vice.

24

25  Executed May 21, 2009

26
                                    JO ANN D. STIPKOVICH
27  GOOD CAUSE APPEARING IT IS SO ORDERED

28

Legal
Solutions
7/99
PP-300

**This page is part of your document - DO NOT DISCARD**

# 20110471814



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/30/11 AT 08:56AM**

| | |
|---|---|
| FEES: | 35.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 35.00 |



L E A D S H E E T



201103300050044

00003959798

003237687

**SEQ:**
**01**

DAR - Mail (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number)*:
☐ Recording requested by and return to:
Jonathan B. Cole, Esq. (70460)
Mark Schaeffer, Esq. (126303)
NEMECEK & COLE, A Professional Corp.
15260 Ventura Blvd., Suite 920
Sherman Oaks, CA 91403
(818) 788-9500
[X] ATTORNEY   [X] JUDGMENT   [☐] ASSIGNEE OF
     FOR            CREDITOR          RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS 1725 Main Street
MAILING ADDRESS 1725 Main Street
CITY AND ZIP CODE Santa Monica, CA 90401
BRANCH NAME West District

FOR RECORDER'S USE ONLY

PLAINTIFF: Larry Klayman and Martin Kempe

DEFENDANT: Terri G. Lynch and Joann D. Stipkovich

CASE NUMBER: SC103561

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | ☐ Amended | FOR COURT USE ONLY |

1. The [X] judgment creditor ☐ assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
                    **Name and last known address**

   ┌─
   │ Martin Kempe
   │ 1561 Oakhurst Drive
   │ Los Angeles, CA 90035
   └─

   b. Driver's license no. [last 4 digits] and state:                      [X] Unknown
   c. Social security no. [last 4 digits]:                                  [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address)*: judgment debtor is plaintiff

2. [X] Information on additional judgment       4. [X] Information on additional judgment
       debtors is shown on page 2.                     creditors is shown on page 2.
3. Judgment creditor *(name and address)*:      6. ☐ Original abstract recorded in this county:
   Terri G. Lynch, c/o Nemecek & Cole, 15260         a. Date:
   Ventura Blvd., #920, Sherman Oaks, CA 91403       b. Instrument No.:
Date: March 21, 2011
Mark Schaeffer
           (TYPE OR PRINT NAME)                                    ▶ *(signature)*
                                                        (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:     10. ☐ An ☐ execution lien ☐ attachment lien
   $ 36,102.00                                                     is endorsed on the judgment as follows:
7. All judgment creditors and debtors are listed on this abstract.    a. Amount: $
8. a. Judgment entered on *(date)*: 03/15/11                          b. In favor of *(name and address)*:
   b. Renewal entered on *(date)*:
9. ☐ This judgment is an installment judgment.

                                                11. A stay of enforcement has
                                                    a. [X] not been ordered by the court.
(SEAL)                                              b. ☐ been ordered by the court effective until
                                                          *(date)*:
                  JOHN A. CLARKE                 12. a. [X] I certify that this is a true and correct abstract of
                                                             the judgment entered in this action.
      This abstract issued on *(date)*:             b. ☐ A certified copy of the judgment is attached.
                  MAR 25 2011                       Clerk, by *(signature)* M. Kurihara, Deputy
                                                                                  M. Kurihara

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2006]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

EJ-001

3

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number)*

Recording requested by and return to

Jonathan B. Cole, Esq. (70460)
Mark Schaeffer, Esq. (126303)
NEMECEK & COLE, A Professional Corp.
15260 Ventura Blvd., Suite 920
Sherman Oaks, CA  91403
(818)  788-9500

[X] ATTORNEY   [X] JUDGMENT   [ ] ASSIGNEE OF
    FOR            CREDITOR          RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS 1725 Main Street
MAILING ADDRESS 1725 Main Street
CITY AND ZIP CODE Santa Monica, CA 90401
BRANCH NAME West District

FOR RECORDER'S USE ONLY

PLAINTIFF: Larry Klayman and Martin Kempe

DEFENDANT: Terri G. Lynch and Joann D. Stipkovich

CASE NUMBER

SC103561

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended | FOR COURT USE ONLY |

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌ Martin Kempe
     1561 Oakhurst Drive
     Los Angeles, CA 90035

   b. Driver's license no. [last 4 digits] and state:               [X] Unknown
   c. Social security no. [last 4 digits]:                           [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to *(name and address)*: judgment debtor is plaintiff

2. [X] Information on additional judgment    4. [X] Information on additional judgment
       debtors is shown on page 2.                  creditors is shown on page 2.
3. Judgment creditor *(name and address)*:   6. [ ] Original abstract recorded in this county:
   Terri G. Lynch, c/o Nemecek & Cole, 15260    a. Date:
   Ventura Blvd., #920, Sherman Oaks, CA 91403   b. Instrument No.:
Date: March 21, 2011
Mark Schaeffer
              (TYPE OR PRINT NAME)                          (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:   10. [ ] An [ ] execution lien [ ] attachment lien
   $ 36,102.00                                                 is endorsed on the judgment as follows:
7. All judgment creditors and debtors are listed on this abstract.   a. Amount: $
8. a. Judgment entered on *(date)*: 03/15/11                 b. In favor of *(name and address)*:
   b. Renewal entered on *(date)*:
9. [ ] This judgment is an installment judgment.

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
           *(date)*:
12. a. [X] I certify that this is a true and correct abstract of
            the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

JOHN A. CLARKE

This abstract issued on *(date)*:

MAR 2 5 2011

Clerk, by M. Kurihara, Deputy
             M. Kurihara

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2006]          ABSTRACT OF JUDGMENT—CIVIL
                                        AND SMALL CLAIMS          Legal
                                                                  Solutions
                                                                  Plus          Page 1 of 2
                                                        Code of Civil Procedure, §§ 488.480,
                                                        674, 700.190

4

| PLAINTIFF: Larry Klayman and Martin Kempe | CASE NUMBER |
|---|---|
| DEFENDANT: Terri G. Lynch and Joann D. Stipkovich | SC103561 |

## NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor (name and address):
Jo Ann D. Stipkovich, c/o Nemecek & Cole
15260 Ventura Blvd., #920
Sherman Oaks, CA 91403

14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

## INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.       Name and last known address

Larry Klayman
230 S. Hamilton Dr., #407S
Beverly Hills, CA 90211

Driver's license no. [last 4 digits]
and state:                                    ☒ Unknown
Social security no. [last 4 digits]:          ☒ Unknown
Summons was personally served at or mailed to (address):

judgment debtor is plaintiff

17.       Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to (address):

18.       Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to (address):

19.       Name and last known address

Driver's license no. [last 4 digits]
and state:                                    ☐ Unknown
Social security no. [last 4 digits]:          ☐ Unknown
Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

                              P. O. BOX 940730
                         SIMI VALLEY, CA  93094
                            (805) 522-3718 EXT.25
                         FAX (805) 522-3748


                                        Date: 06/09/12


LARRY KLAYMAN                          LYN100
MARTIN KEMPE                  MCC#  0005321821 036          03
1561 OAKHURST DRIVE
LOS ANGELES CA 90035


                    FOR:   TERRI G. LYNCH/STIPKOVICH
                           JUDGMENT SC103561

                           AMOUNT: $      36,102.00
                           INTEREST: $     8,110.59
                           TOTAL: $       44,212.59

                    TIME IS RUNNING OUT !

     OUR PREVIOUS DEMANDS FOR PAYMENT IN FULL HAVE BEEN IGNORED.

   SEND YOUR PAYMENT IN FULL DIRECT TO THIS OFFICE. FULL PAYMENT NOW WILL
   CLEAR YOUR RECORD IN THIS OFFICE.

     YOUR CONTINUED FAILURE TO CO-OPERATE CAN ONLY MAKE MATTERS WORSE.

   THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL
   BE USED FOR THAT PURPOSE.

   PLEASE CONTACT THE UNDERSIGNED IF YOU HAVE ANY QUESTIONS OR IF YOU WISH
   TO DISCUSS THIS MATTER.

        NOTICE: PAYMENT MUST BE MADE DIRECTLY TO OUR OFFICE ONLY.
        **WE ACCEPT VISA & MASTERCARD**  **FEE APPLIES**
        ***WE ALSO ACCEPT CHECK BY PHONE **NO FEE** SAVE POSTAGE!


                              RESPECTFULLY;


                              TURK SAVAGE
                              UNIT MANAGER
                              012758-000002


**EXHIBIT D**

CASE NO. _____ SC117923

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

### TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

LISA HART COLE _____    Department: _____

☒ Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

☐    Judge Richard A. Stone
Beverly Hills Courthouse
Department WE-X
9355 Burton Way
Beverly Hills, CA 90210

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases;

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
|---|---|

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | |
| | Status Conference Date: |
| | At _____ a.m. in Department _____ . |

THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____ , a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this _____ day of _____ , 20 __ .

_____
Plaintiff

_____
Attorney for Plaintiff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE: _____

JUDGE _____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-05)
LASC Approved

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## STIPULATION – DISCOVERY RESOLUTION

CASE NUMBER:

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference directly in the Courtroom on the approved form (copy attached);

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

## STIPULATION – DISCOVERY RESOLUTION

Page 1 of 3

SHORT TITLE:

CASE NUMBER:

## The following parties stipulate:

Date:

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

Date: _____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**STIPULATION — DISCOVERY RESOLUTION**

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## STIPULATION AND ORDER – MOTIONS IN LIMINE

CASE NUMBER:

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. This description should not exceed the space below and one additional page. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

# Exhibit B

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):* ALICE LEWITZKE, an individual;
and DOES 1 through 10, inclusive.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 31 2012

John A. Clarke, Executive Officer/Clerk

By____A. WILLIAMS____DEPUTY

YOU ARE BEING SUED BY PLAINTIFF: MARTIN KEMPE, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
West District
1725 Main Street
Santa Monica, CA 90401

CASE NUMBER:
*(Número del Caso):* SC117923

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lottie Cohen, Attorney at Law (SBN 94674)           Ph: 310-204-0099 Fx: 310-204-0095
Law Offices of Lottie Cohen
3637 Motor Avenue, Suite 360
Los Angeles, CA 90034

DATE: July 27, 2012
JUL 31 2012
*(Fecha)*             JOHN A. CLARKE     Clerk, by _____A. WILLIAMS_____, Deputy
                                         *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**



Page 1 of 1
Code of Civil Procedure §§ 412.20 465

# Exhibit C

Renee' Daughetee, Esq. SBN.: 257018
THE DAUGHETEE LAW FIRM
18881 Von Karman Ave., 16th Floor
Irvine, CA 9261
Telephone: (949) 608-0832
Fax: (949) 681-8065
Email: rdaughetee@hotmail.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN KEMPE, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>LARRY KLAYMAN, an individual;<br>ALICE LEWITZKE, an individual; and<br>DOES 1 through 10, inclusive,<br><br>          Defendants. | LA COUNTY SUPERIOR COURT<br>CASE NO. SC117923<br><br>JOINDER IN NOTICE OF REMOVAL OF<br>ACTION |

With full reservation of all rights with regard to service of process issues, Defendant Alice Lewitzke, hereby consents to and thus joins in Defendant Larry Klayman's Notice of Removal to this Court of the state court action described in the said Notice of Removal.

Respectfully submitted,

Renee' Daughetee, Esq.
THE DAUGHETEE LAW FIRM

1

18881 Von Karman Ave., 16th Floor
Irvine, CA 9261
Telephone: (949) 608-0832
Fax: (949) 681-8065
Email: rdaughetee@hotmail.com


Attorney for Defendant Alice Lewitzke

JOINDER IN NOTICE OF REMOVAL OF ACTION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 10307 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Martin Kempe | DEFENDANTS<br>Larry Klayman, Alice Lewitzke |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Lottie Cohen<br>3637 Motor Ave, Suite 360<br>Los Angeles, CA 90034 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** In excess of $500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 - Diversity of citizens

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☑ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: **CV12-10307**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Complaint claims Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _____     Date  _12/3/12_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |