Larry Klayman
c/o 2020 Pennsylvania Ave., NW, Suite 800
Washington, D.C. 20006
Telephone: (310) 595-0800
Email: leklayman@gmail.com

Defendant in Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARTIN KEMPE, an individual,

              Plaintiff,

       v.

LARRY KLAYMAN, an individual;
ALICE LEWITZKE, an individual;
and DOES 1 through 10, inclusive,

Defendants.

No. CV12-10307-JFW (VBKx)

MOTION TO DISMISS AND FOR
SUMMARY JUDGMENT

Hearing Date: February 25, 2013
Time: 1:30 pm
Judge: Hon. John F. Walter
Courtroom: 16

      Defendant Larry Klayman hereby moves the court for an order dismissing

and granting summary judgment with prejudice of the Complaint of Plaintiff

Martin Kempe. This motion is made pursuant to Federal Rules of Civil Procedure

("FRCP") FRCP 12(b)(6) and FRCP 56.

Defendant Klayman's motion is based on the facts and law set forth in the accompanying Memorandum of Points and Authorities and Statement of Uncontroverted Facts and Conclusions of Law which set forth Defendant's grounds for dismissal and for summary judgment.

This motion is made following the conference of counsel pursuant to Local Rule 7-3.  The parties were unable to reach agreement on the issues raised in the instant motion.


Dated: January 22, 2013

                                        Respectfully submitted,


                                         /s/ Larry Klayman

                                        Larry Klayman

                                        Defendant in Pro Se

# <u>TABLE OF CONTENTS</u>

I. INTRODUCTION.................................................................................6

II. THE FACTS.......................................................................................6

III. LEGAL STANDARDS FOR MOTIONS TO DISMISS AND FOR
SUMMARY JUDGMENT..................................................................14

    A. Motion to Dismiss Standard.......................................................14

    B. Summary Judgment Standard......................................................15

IV. THE LAW AS APPLIED TO THE PLEADED FACTS.......................16

    A. Plaintiff's Claim Of Professional Negligence Is Barred By
California's Statute Of Limitations..............................................16

    B. Plaintiff's Claim Of Breach Of Contract Is Similarly Barred By the
Statute of Limitations..................................................................17

    C. Plaintiff's Claim of Fraud is Barred By California's Statute of
Limitations..................................................................................19

    D. Plaintiff's Claim For Equitable Indemnity Is Barred By California's
Statute Of Limitations.................................................................19

V. THIS COURT SHOULD RESPECTFULLY AWARD ATTORNEY
FEES AND COSTS AGAINST PLAINTIFF AND HIS
COUNSEL.......................................................................................20

VI. CONCLUSION..................................................................................21

# TABLE OF AUTHORITIES

CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)......................................................................................15

*Ashcroft v. Iqbal*,
129 S.Ct. 1937(2009)...................................................................................14

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007) .................................................................................14

*Barton v. Mitsubishi Cement Corp.*,
2008 U.S. Dist. LEXIS 110306 (C.D. Cal. Sept. 15, 2008)....................17

*Broberg v. Guardian Life Ins. Co. of Am.*,
171 Cal. App. 4th 912 (Cal. App. 2d Dist. 2009)...................................19

*Celotex Corp. v. Catrett*,
477 U.S. 317(1986).......................................................................................15

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)........................................................................................21

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994).........................................................................15

*De La Forest* v. *Yandle*,
171 Cal.App.2d 59 (Cal. App. 3d Dist. 1959)........................................20

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
504 U.S. 451(1992).......................................................................................16

*Mendez v. Ishikawajima-Harima Heavy Indus. Co.*,
52 F.3d 799 (9th Cir. Cal. 1995).................................................................16

*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand*,
6 Cal.3d 176 (Cal. 1971).............................................................................18

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980)..........................................................................21

*Sack, Miller & Rosendin, LLP v. Gen. Refractories Co.*,
2004 U.S. Dist. LEXIS 21397 (N.D. Cal. Oct. 13, 2004)......................18

*Smith v. Parks Manor*,
197 Cal. App. 3d 872 (Cal. App. 2d Dist. 1987)..................................20

*Southland Mechanical Constructors Corp. v. Nixen*,
119 Cal. App. 3d 417 (Cal. App. 4th Dist. 1981)..................................18

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
809 F.2d 626 (9th Cir. 1987).............................................................15

*United States v. Diebold, Inc.*,
369 U.S. 654 (1962).........................................................................15

*United States v. Hudson*,
7 Cranch 32 L. Ed. 259 (1812).........................................................21


STATUTES

28 U.S.C. §1927.................................................................................21

Cal Code Civ Proc § 338(d) ........................................................11,19

Cal Code Civ Proc § 340.6 .............................................10,16,17,18,19

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendant, Larry Klayman, moves this honorable court pursuant to Rule 12 (b)(6) and Rule 56 of the Federal Rules of Civil Procedure (FRCP) and as grounds therefore would show the following:

## I. INTRODUCTION.

While Plaintiff Martin Kempe has not properly served the Defendants Larry Klayman and Alice Lewitzke with the complaint and motions to quash are pending, having been filed before this case was removed to this court, with full reservation of all rights Defendant Klayman moves to dismiss under FRCP 12 (b)(6) and summary judgment under FRCP 56 as this complaint is both time barred under applicable statutes of limitations and for other substantive reasons.

## II. THE FACTS.

Plaintiff, Martin Kempe, is a professional litigant who has filed bar complaints and sued every lawyer who has attempted to represent him. Prior to the events of which he complains, and as his Complaint acknowledges, he was represented by lawyers who brought a medical malpractice action on his behalf, only to recommend that he dismiss the action during the subsequent trial when they

apparently learned that he had defrauded the Internal Revenue Service and that he could ultimately be criminally prosecuted if he had to present as "evidence" the false information to prove up damages. As a result, Kempe agreed upon the lawyers' advice to voluntarily dismiss the case.

Plaintiff approached Defendant Klayman about attempting to set aside Kempe's voluntary dismissal and perhaps bring other claims if appropriate. Defendant Klayman had made it clear to Kempe that should he decide to hire Klayman's firm, at all material times from their initial contact in November 2008, that Klayman, if he accepted legal representation, would work with two California lawyers, Jo Ann Stipkovich and Terry Lynch, who would enter appearances on the case and also seek to move Klayman in pro hac vice.  Exhibit B and C.  At no time did Defendant Klayman represent that he was licensed to practice law in California. Defendant Klayman, through his then California of counsel, attempted to represent Kempe in proceedings which were intended to seek redress for this dismissal.

The California lawyers however reneged on this representation and made misrepresentations to judicial authorities that they had never been so hired in apparent retaliation after Defendant Klayman, who had hired a daughter of one of these California lawyers (the daughter of Terry Lynch) as an assistant, had to terminate the daughter due to poor work performance.

When this occurred, both Plaintiff Kempe and Defendant Klayman brought a lawsuit in each of their pro se capacities against the two California lawyers, Jo Ann Stipkovich and Terry Lynch, for the damage they had caused. In moving to dismiss the case under California's Anti-Slapp statute, Stipkovich and Lynch did not serve either Plaintiff Kempe or Defendant Klayman with the pleading, and notice of hearing. The case was thus dismissed ex parte and Plaintiff Kempe and Defendant Klayman assessed attorneys fees and costs as is required by California's Anti-Slapp statute. When Plaintiff Kempe did not pay these attorneys fees and costs, Stipkovich and Lynch allegedly then recorded a lien on Plaintiff Kempe's house. Despite Plaintiff having filed the case pro se (neither Defendant Klayman nor anyone else was his counsel), Defendant Klayman then offered to have another California lawyer assist Kempe to have the lien removed, but Plaintiff Kempe refused the offer. Over time Defendant Klayman came to learn that Plaintiff Kempe was not honest, and indeed had likely defrauded the IRS and others.

Plaintiff Kempe, who has a history of hiring and then suing the lawyers and other professionals he had hired to try to extract money from them, now seeks, after having sued and filed ethics complaints against his first set of lawyers – not to mention the doctors and accountants who were defendants in his voluntarily dismissed medical malpractice case – to hold Defendants Klayman and his then

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

assistant Alice Lewitzke legally liable for the ills that he brought on himself.[1]

The false pretext of Plaintiff Kempe's bizarre and fatally flawed complaint is that he was negligently and fraudulently induced to hire Defendant Klayman as legal counsel to try to undo a voluntary dismissal of a legal malpractice case that itself was dismissed when Kempe's prior attorneys, who had been representing him in a medical malpractice case, discovered that "evidence" to be used to prove up damages was itself fraudulent. According to the lawyers, they learned during the medical malpractice trial that Kempe had filed false and fraudulent income tax returns which if used at trial could have implicated Kempe in criminal conduct.

As set forth below, not only is Plaintiff Kempe's Complaint against Defendants Klayman and Lewitzke frivolous, but the allegations attempt to end run the crux of his Complaint which sounds in professional negligence and fraud – which carry 1 and 3 year statutes of limitations. Thus, Plaintiff Kempe's allegations are also not only false by his own admissions as contained in the attached sworn affidavits, they are also time barred as is evident from the face of his Complaint.

As a result Defendant Klayman moves for dismissal of this action under Rule 12 (b) (6) of the Federal Rules of Civil Procedure (FRCP), as well summary

_____

[1] That Kempe would also sue and go after Mr. Klayman's past assistant, Ms. Lewitzke, speaks volumes about his bad faith and vexatious litigation conduct.

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

judgment under FRCP 56. He also respectfully requests an award of attorneys fees and costs and such other relief as the court may deem just and proper for the bad faith and vexatious conduct of Kempe and his counsel for filing this frivolous and clearly time barred lawsuit.

The complaint alleges that Defendant committed professional negligence (Count I), breached a contract (Count II), committed fraud (Count III) and is liable for equitable indemnity (Count IV) all because Klayman and Lewitzke allegedly falsely told him that Klayman was licensed to practice law in California and fraudulently induced him to file a legal case in his pro se capacity. This is the contrived pretext for Kempe's causes of action.

Notwithstanding the Complaint's frivolousness, the hard uncontroverted facts are that the causes of action in Kempe's Complaint against Klayman are time barred on all counts. The statute of limitations for professional negligence, as set by California Code of Civil Procedure section 340.6, is one year.  Plaintiff has filed this lawsuit significantly after the statute of limitations had run.  In this regard, black letter case law also confirms that when a complaint sounds for professional negligence against attorneys, that causes of action for breach of contract are subsumed in the professional negligence claim. Thus, the allegations of breach of contract are barred as they are encompassed by the professional negligence statute of limitations.

At paragraph 16 of the Complaint, Kempe admits that he knew as early mid-January 2009 that he was informed that Klayman was not licensed to practice law in California. (Even though Klayman had made this clear from the "get go" and indeed the retainer agreement was on Klayman's Florida letterhead where he is licensed – see exhibit A to the complaint.) Specifically, Kempe pleads: "At the **mid-January 2009** arbitration presiding Judge Curry informed Mr. Kempe that his attorney, Defendant Klayman, could not represent Mr. Kempe because Defendant Klayman was not admitted to the State Bar of California and therefore could not practice law in California." Complaint ¶16 (Emphasis added).

Similarly, Count III of Plaintiff Kempe's Complaint, which alleges fraud based on alleged false representations that Defendant Klayman was a California lawyer, is also time barred, as fraud carries a three year statute of limitations in California. Cal Code Civ Proc § 338(d) (2013). Thus, the claim for fraud would have run three years after the mid-January 2009 date, in mid-January 2012. Plaintiff Kempe's Complaint was not filed until July 31, 2012, over six months after the statute of limitations had run.

Count IV for equitable indemnity is also based on and grounded in allegations of fraud. *See* Complaint ¶¶47, 51. Notwithstanding that the statute of limitations for equitable indemnity is one year, Count IV is time barred as well even if the time period for the statute of limitations for fraud is incorrectly applied.

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

Paragraph 51 pleads for example that "Plaintiff Kempe would have never filed suit [pro se] against attorney Stipkovich but for the fraudulent representations of Defendant Klayman" and paragraph 47 pleads "… Defendant Klayman fraudulently induced Plaintiff Kempe to co-plaintiff a $15,000,000.00 (fifteen million dollar) lawsuit against attorney Stipkovich". Paragraph 21 of the Complaint alleges that the claimed fraud to file the subject lawsuit against Stipkovich occurred in mid-June 2009. Complaint ¶21. Thus, notwithstanding the fact that the statute of limitations for equitable indemnity is only one year, the statute of limitations for equitable indemnity ran in mid-June 2010.  Fraud, the only other alternative statute of limitations, ran in mid-June 2012 – even according to Plaintiff Kempe's false allegations. Plaintiff's Complaint was not filed until July 31, 2012.

Apart from the allegations of the Complaint, which themselves show that no professional negligence or fraud was committed, notwithstanding that all applicable statutes of limitations having run, a sworn statement by Kempe himself admits that Plaintiff Kempe knew at all times that Defendant Klayman was not licensed to practice law in California and that he had indeed retained two California lawyers as of counsel, who subsequently improperly reneged on their commitments, to work with Defednant Klayman's firm on behalf of Plaintiff Kempe. The Kempe sworn statement, which appears to have been prepared in whole or in part by a lawyer, perhaps Plaintiff's counsel on this case as well,

admits under oath:

> "In June 2009, Martin Kempe was given by Judge Duffy-Lewis an opportunity to show cause of Fraud which he and Larry Klayman prepared to hired Attorney who failed to appear, a Jo Ann Stipkovich in 'two cases.' The case of an order to show cause in 2009 and a mandatory arbitration in 2009 for legal malpractice of Martin Kempe's Attorney James Wohl. Jo Ann Stipkovich produced a 'fraudulent document' stating she never was hired and within the same document she admits that she not only was aware but had intention to 'Pro Hac Vice' Larry Klayman who hold a license to practice law in two other states and would have came into this case and was present to do so. Jo Ann Stipkovich was fraudulent because I was present in a "conference call" where in my presence she told all of us she was willing to represent and help me and Larry Klayman.' Even on her 'Notice of Withdrawal' she clearly stated, 'In withdrawing from this matter, LARRY KLAYMAN may complete the application for Pro Hac Vice' which by all courts."

See Exhibit A – "Plaintiff's Request to Waive and Object to Sanctions and Attorneys Fees and Costs" filed by Plaintif Kempe in the case against Stipkovich where he pleads falsely that Defendant defrauded him thus allegedly resulting in a lien on his house).

Consistent with Plaintiff Kempe's own sworn admissions, the attached sworn affidavits of Alice Lewitzke and Louise Benson, confirm that all material times Kempe was informed that Klayman was not a California lawyer and that Stipkovich and her partner Terry Lynch improperly made misrepresentations to courts in an attempt to withdraw from legal representation in retaliation after Klayman had terminated the employment of Lynch's daughter, who had been

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

working for him. See Exhibits B and C. The Lewitzke and Benson sworn affidavits were submitted by Defendant Klayman in other frivolous and failed legal proceedings previously attempted by Plaintiff Kempe.

### III.   LEGAL STANDARDS FOR MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT.

**A. Motion to Dismiss Standard.**

Under FRCP 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* at 1949.  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.* Dismissal does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In evaluating an FRCP 12(b)(6) motion, review is "**limited to the contents of the complaint**." *Clegg v.*

*Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994)(Emphasis added).

## B. Summary Judgment Standard.

Summary judgment is proper if the evidence before the court "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp., 477 U.S. at 325; T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456

(1992).

## IV.    THE LAW AS APPLIED TO THE PLEADED FACTS.

"[A] federal court sitting in diversity applies the applicable statute of limitations of the jurisdiction in which the court sits." *Mendez v. Ishikawajima-Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir. Cal. 1995).  As set forth below, each and every one of Plaintiff's causes of actions are barred by California's statutes of limitations.

## A. Plaintiff's Claim Of Professional Negligence Is Barred By California's Statute Of Limitations.

California's statute of limitations for professional negligence is governed by California Code of Civil Procedure ("Cal Code Civ Proc") §340.6, which applies to Plaintiff's claim for professional negligence and breach of contract.  This statute, in pertinent part, provides as follows:

Sec § 340.6.  Action against attorney for wrongful act or omission, other than fraud:

(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

Cal Code Civ Proc § 340.6 (2013); *see also Barton v. Mitsubishi Cement*

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

*Corp.*, 2008 U.S. Dist. LEXIS 110306 at page 6 (C.D. Cal. Sept. 15, 2008)("The statute of limitations for Plaintiffs' legal malpractice claim is provided by California Code of Civil Procedure § 340.6" ).

At paragraph 16 of the Complaint, Plaintiff Kempe admits that he knew as early mid-January 2009 that he was informed that Klayman was not licensed to practice law in California. (Even though Klayman had made this clear from the "get go" and indeed the retainer agreement was on Klayman's Florida letterhead – see exhibit A to the complaint.) Plaintiff pleads and admits on paragraph 16 of the Complaint: "At the mid-January 2009 arbitration presiding Judge Curry informed Mr. Kempe that his attorney, Defendant Klayman, could not represent Mr. Kempe because Defendant Klayman was not admitted to the State Bar of California and therefore could not practice law in California." Complaint ¶ 16.

Thus, under California's one year statute of limitations, section 340.6, Kempe's Count I for professional negligence is time barred, as it would have run in mid-January 2010. Plaintiff's Complaint was not filed until July 31, 2012, two and a half years after the fact that Plaintiff Kempe was so informed -- even as falsely plead by Plaintiff.

**B. Plaintiff's Claim Of Breach Of Contract Is Similarly Barred By the Statute of Limitations.**

As made clear in the text of the statute, Cal Code Civ Proc §340.6 was

designed to be encompassing of claims arising "in the performance of professional services" and this includes that of tort and breach of contract because legal malpractice "constitutes both a tort and breach of contract." *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra*, 6 Cal.3d 176, 181 (Cal. 1971).

The courts have similarly held that Cal Code Civ Proc §340.6 applies to all claims of breach of contract arising from professional representation and has applied the one year statute of limitations contained in that statute. *Southland Mechanical Constructors Corp. v. Nixen*, 119 Cal. App. 3d 417.  In *Southland Medical*, the plaintiff similarly claimed defendant had breached a contract arising out of legal representation. The trial court had dismissed the breach of contract claim finding that it was subject to the one year statute of limitations in section 340.6. The court of appeal affirmed, holding "[t]he Legislature. . . intended that section 340.6 apply to both tort and breach of contract malpractice actions." *Id.* at 429.  *See also Sack, Miller & Rosendin, LLP v. Gen. Refractories Co.*, 2004 U.S. Dist. LEXIS 21397 at page 4-5 (N.D. Cal. Oct. 13, 2004)( "based on the plain language of the statute,  Section 340.6 applies to *all* actions, except those for actual fraud, brought against an attorney "for a wrongful act or omission" which arise "in the performance of professional services.")(emphasis in original).

Thus, just as Plaintiff's cause of action for professional negligence falls under the one year statute of limitations, as set forth above, Plaintiff's Count II for

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

breach of contract is similarly time barred, as it would have run in mid-January 2010. Plaintiff Kempe's complaint was not filed until July 31, 2012, two and a half years after the fact that Plaintiff Kempe was so informed -- even as falsely plead by Plaintiff.

In sum, both the claim for professional negligence and breach of contract are now barred by Cal Code Civ Proc §340.6 and must respectfully be dismissed.

## C. Plaintiff's Claim of Fraud is Barred By California's Statute of Limitations.

"[A Plaintiff's] fraud claim is governed by the three-year limitations period set forth in California Code of Civil Procedure §338(d)." *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920, 90 Cal. Rptr. 3d 225 (Cal. App. 2d Dist. 2009).

Here, based on Plaintiff's own admissions *in Plaintiff's complaint*, he knew that Defendant was not licensed to practice in California, at the very latest, during the arbitration of mid January 2009, even as falsely pleaded in the Complaint. Complaint ¶ 16.  In addition, Plaintiff's legal representation agreement with Defendant, dated November 18, 2008 and attached as Exhibit A to the Complaint, shows Defendant's law firm as located in and thus Defendant is licensed in Florida.

## D. Plaintiff's Claim For Equitable Indemnity Is Barred By California's Statute Of Limitations.

Count IV of Plaintiff's Complaint is for equitable indemnity.  This too is

barred by the statute of limitations. "The applicable statute of limitations for actions seeking equitable indemnity is one year." *Smith v. Parks Manor*, 197 Cal. App. 3d 872, 882 (Cal. App. 2d Dist. 1987) citing *De La Forest* v. *Yandle*, 171 Cal.App.2d 59, 62 (Cal. App. 3d Dist. 1959).

Notwithstanding that the one year statute of limitations for equitable indemnity is one year and thus this count is time barred as well, even if Plaintiff asserts that the claim of equitable indemnity arises of out the alleged fraud that Plaintiff has pleaded, this alleged fraud concluded no later than mid-January 2009 when Plaintiff admits having been informed in the arbitration proceeding, that Defendant Klayman was not licensed to practice law in California.  Complaint ¶16.

Thus, under the one year statute of limitations for equitable indemnity, the statute of limitations would have then run in mid-January of 2010.  The filing of this lawsuit was in July 31, 2012, two and a half years after the statute of limitations had run.  And, even if the statute of limitations for fraud is incorrectly applied instead of the one for equitable indemnity, the time to file suit would have been by mid-June 2012.  The Complaint here was on filed on July 31, 2012.

Thus, any claim for equitable indemnity, just like all the other causes of action, is barred by the statute of limitations.

## V. THIS COURT SHOULD RESPECTFULLY AWARD ATTORNEY FEES AND COSTS AGAINST PLAINTIFF AND HIS COUNSEL

A federal court has the inherent power to impose sanctions and assess attorneys fees and costs. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). They flow from the nature of the judicial institution itself—powers that "are necessary to the exercise of all others." *United States v. Hudson*, 7 Cranch 32, 24 L. Ed. 259 (1812). Inherent powers include the power to issue contempt sanctions; the power to impose obedience, respect and decorum, and submission to lawful court mandates; and—most significantly for present purposes—the "'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980); *See also* 28 U.S.C. §1927.

Here, Plaintiff and his counsel have filed a Complaint that on its face violates and is clearly barred by the respective statutes of limitations and is therefore frivolous.  Counsel for Plaintiff has practiced law for thirty three years. It is expected that somebody with this level of experience should be able to properly research a claim before subjecting a Defendant to such a lawsuit.  This lawsuit has imposed a considerable amount of time and cost upon Defendant, and thus Defendant respectfully requests that he be made whole and that Plaintiff and his counsel be required to pay all fees and costs incurred by Defendant in defending against this frivolous and untimely suit, which was filed in bad faith.

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT

## VI.   CONCLUSION

Since every one of Plaintiff's claims are barred by the applicable statute of limitations, and are clearly non-meritorious on their face and based on supporting affidavits in any event, Plaintiff's entire Complaint must respectfully be dismissed with prejudice and summary judgment granted with prejudice under FRCP 12(b)(6) and FRCP 56.

Dated: January 22, 2013

Respectfully submitted,

/s/ Larry Klayman

Larry Klayman

Defendant in Pro Se

MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT